UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>SQI, INC., et al.,<br><br>  Defendants. | CASE NO. C13-2110JLR<br><br>ORDER SETTING ASIDE DEFAULT AND CONSOLIDATING CASES |
| FIRST MERCURY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>SKYLINE SHEET METAL, INC., et al.,<br><br>  Defendants. | CASE NO. C13-2109JLR |

ORDER- 1

## I.  INTRODUCTION

Before the court are two unopposed motions: (1) Defendant SQI, Inc.'s ("SQI") motion to set aside default (Mot. to Set Aside (Dkt. # 24)); and (2) Plaintiff First Mercury Insurance Company's ("FMIC") motion to consolidate (Mot. to Consol. (Dkt. # 25)). Neither side opposes the other's motion. For the reasons described below, the court GRANTS both motions.

## II.  BACKGROUND

This is an insurance coverage action. The underlying dispute involves construction defects in a residential development known as the Admiral Way Condominiums ("the condos"). (Compl. (Dkt. # 1) ¶ 14.) In 2007, the Admiral Condominium Owners' Association brought a lawsuit against the owner and developer of the condos. (*Id.* ¶ 22.) The lawsuit was premised on problems with the roofing in the condos. (*Id.* ¶ 19, 22.) Additional lawsuits soon proliferated. First, the owner and developer of the condominiums sued the project's general contractor, Ledcor Industries (USA), Inc. ("Ledcor"). (*Id.* ¶ 23.) Ledcor, in turn, sued two of its roofing subcontractors, SQI, Inc. ("SQI"), and Skyline Sheet Metal Inc. ("Skyline"), among others. (*Id.* ¶ 24-25.) SQI and Skyline tendered defense of these claims to their insurer, FMIC, who agreed to defend under a reservation of rights and proceeded to bring coverage actions against SQI and Skyline separately in this court. (*See generally* Compl. 33-36; *First Mercury Ins. Co. v. Skyline Sheet Metal, Inc.*, No. C13-2109JLR.) The SQI case was assigned to Chief Judge Marsha Pechman, and the Skyline case was assigned to this court. However, the SQI case was soon reassigned to this court as related to the

Skyline case.  (1/30/14 Order (Dkt. # 29).)  At the time the case was reassigned, default had already been entered against SQI and the two motions at issue in this order were already pending.  (*See* Dkt.)

### III.   ANALYSIS

**A.   Motion to Set Aside Default**

The first motion, the motion to set aside default, is GRANTED.  FMIC has indicated that it does not oppose the motion.  (Resp. (Dkt. # 28).)  Rule 55(c) of the Federal Rules of Civil Procedure permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  To determine whether a party has shown good cause, the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether reopening the default judgment would prejudice any other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)) (quotation marks omitted); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (adopting the three factor test for the first time in the Ninth Circuit).  The *Falk* factors are to be considered conjunctively.  *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  When performing this analysis, the court must remember that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 1091 (quoting *Falk*, 739 F.2d at 463) (quotation marks omitted).

These factors favor setting aside default in this case.  First, there is no suggestion of culpable conduct.  SQI alleges that it was served with papers for this coverage action but "did not believe any action on [its] part was necessary" because it was represented in the underlying liability action.  (Decl. of Steve Gardner (Dkt. # 24-1) ¶ 4.)  Unbeknownst to SQI, FMIC did not serve SQI's attorney directly.  (*Id.* ¶¶ 4-5.)  SQI did not follow up with its attorney until after the holiday season ended, by which time default had been entered.  (*Id.* ¶¶ 5-7.)  SQI's actions appear to be inadvertent mistakes, not the kind of culpable action that might persuade a court not to set aside a default.  (*See id.*)  Second, it appears that there is a possibility that SQI will raise a meritorious defense.  SQI asserts that it has such a defense, and the pleadings thus far do not demonstrate that this is unlikely.  (Mot. to Set Aside at 3-4.)  Last, there is no hint of prejudice to FMIC, as evidenced by the fact that FMIC does not oppose the motion.  This case is still in its early stages and there is no suggestion by either side that the delay thus far will have any adverse impact on FMIC's ability to defend itself.  Accordingly, the court GRANTS the motion to set aside default.

FMIC requests that the court award attorney's fees as a condition of setting aside default.  Indeed, a default judgment may be set aside "upon such terms as are just," and "it is appropriate to condition setting aside a default upon the payment of a sanction." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988).  The most common sanction imposed "is that the defendant reimburse the plaintiff for costs incurred because of the default." *Id.* at 1546.  This condition is just and appropriate here.  SQI was properly served and has no excuse

ORDER- 4

beyond its own misunderstanding for failing to appear.  FMIC was under no obligation to notify SQI that it was moving for entry of default because SQI never appeared in the case.  *See* Local Rules W.D. Wash. LCR 55(a).  The court awards attorney's fees in the amount of $1500.00 as a condition of setting aside the entry of default.  The court also ORDERS SQI to answer the complaint within ten days of the date of this order.

**B.     Motion to Consolidate**

The second motion, the motion to consolidate, is also GRANTED.  Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> (a) **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (emphasis in original).  This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  The Court considers a number of factors in analyzing the appropriateness of consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation.  *See* 8 Moore's Federal Practice-Civil § 42.10[4-5].

Here, all factors favor consolidation.  Consolidation will serve the interests of judicial economy by eliminating the need to file separate motions in each case on similar issues.  Upon consolidation, the court will be able to address any overlapping issues contained in the two cases in a more streamlined fashion.  Consolidation also reduces the

1 risk of inconsistent results in the two cases.  The cases have very similar questions of

2 law; indeed, the complaints are identical in many respects.  Consolidation makes sense in

3 light of this fact.  Finally, there is no hint of prejudice, as evidenced by the fact that SQI

4 does not oppose the motion to consolidate.  (*See* Resp. to Mot. to Consol. (Dkt. # 31).)

5 The parties have not raised any possible prejudice and the court can detect none.  All

6 factors favor consolidation.  Accordingly, the court GRANTS the motion to consolidate

7 and consolidates this case for all purposes[1] with *First Mercury Ins. Co. v. Skyline Sheet*

8 *Metal, Inc.*, No. C13-2109JLR.  All future pleadings shall bear the cause number C13-

9 2109JLR.  All deadlines set previously (*See* Dkt. # 21) are hereby stricken.  The clerk

10 will issue a new joint status report request and new case deadlines in Case No. C13-

11 2109JLR.

12                                                            **IV.    CONCLUSION**

13        Both motions pending in this case (Dkt. ## 24, 25) are GRANTED.  The court

14 DIRECTS the clerk to file this order in both cases captioned above.  Following entry of

15 this order, the court DIRECTS the parties to file all further documents related to either

16 action in Case No. C13-2109JLR only.

17 //

18 //

19

20

21     [1] The parties do not clearly distinguish between consolidation for pre-trial purposes only and consolidation for all purposes, although they do suggest that consolidation will result in "one trial which will bind all plaintiffs and defendants . . . ." (Mot. to Consol. at 6.)  The court therefore consolidates the cases for all purposes but without prejudice to a motion for separate

22 trials in the event that separate trials become necessary or desirable as the case unfolds.

Finally, the court DIRECTS the parties to adopt a dual caption like the one the court has used in this order for both matters.

Dated this 5th day of February, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 7